

Ricardo Jose Calderon Lopez,

    Plaintiff,

v.

State of California *et. al.*,

    Defendants.

Civil Action No. 19-1139 (UNA)

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff has sued the State of California, the Los Angeles County Registrar-Recorder Office, and the Commonwealth of Puerto Rico, claiming violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and "deprivation of rights-antitrust." Compl. Caption. The cryptic statements comprising the complaint provide no notice of a claim under any of the statutes plaintiff has listed in the caption, much less under the RICO Act. *See* 18 U.S.C. §§ 1961-68; *Pyramid Sec. Ltd. v. IB Resolution, Inc.*, 924 F.2d 1114, 1116-17 (D.C. Cir. 1991) ("A violation of RICO § 1962(c) consists of (1)

conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.") (internal quotation marks and citation omitted)). Nor do they suggest a waiver of the State defendants' immunity under the Eleventh Amendment.[1] *See Puerto Rico Ports Auth. v. Fed. Mar. Comm'n*, 531 F.3d 868, 872 (D.C. Cir. 2008) (noting that "the Puerto Rican Federal Relations Act grants Puerto Rico the same sovereign immunity that the States possess from suits arising under federal law") (citations omitted); *id.* at 871-72 ("under long-standing Supreme Court precedent, the [Eleventh Amendment] has been interpreted to encompass a principle of state sovereign immunity and to largely shield States from suit without their consent") (citing cases)). Consequently, the complaint will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: May 16, 2019

United States District Judge

---

[1] The amendment provides in pertinent part: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State[.]" U.S. Const. amend. XI